WRIGHT POMEROY *and another v.* JAMES E. SHAW.

A person who accepts a delivery of goods manufactured for him on his order cannot resist an action by the manufacturer for the price, on the ground of a breach of warranty of *quality,* without showing that he returned, or offered to return, the goods as soon as he discovered the defect.

A mere objection to the quality of an article, by the defendant, not accompanied by an offer to return the same, is insufficient, and the objection is waived by the defendant's subsequently reducing the article to use.

An unconditional acceptance by a vendee of a delivery of goods on a day after the one agreed upon for the delivery, is a waiver of any claim for damages by reason of the delay.

On the trial of this action, the court (CARDOZO, J.) directed a verdict for the plaintiff, subject to the opinion of the general term.

It appeared in evidence that the plaintiffs agreed with the defendant to manufacture for, and sell and deliver to, him, a number of hair mattresses; a portion of them to be of the weight of thirty-six pounds each, and the remainder of twenty-eight pounds weight each. The mattresses were to be filled with pure horse hair, the materials to be of the best quality, and were to be made up in the best manner. The price to be paid by defendant, on delivery, was the sum of $2,457\frac{92}{100}$. The mattresses were made, and were delivered. The defendant paid $1,200 on account, and promised to pay the balance in a few days. This action was brought to recover this balance. The plaintiffs testified that the mattresses were made of the best quality of South American black horse hair, that the materials were of the best quality, and that they were made in the best manner. It also appeared that, after the delivery, the defendant made complaint about the quality of the hair, and about a deficiency of weight, but the defendant never offered to return the mattresses, although the plaintiffs themselves offered to take them back, and return the amount paid, which defendant refused.

The defendant offered to prove that he was not personally

present at the delivery, and that his attention was not called to the defects complained of until after the delivery; that experts were called in, who found, on examination, that the hair was of an inferior quality, and not, in fact, all horse hair; that the ticks were of an inferior quality; that the mattresses were weighed, and were found to run short some ninety pounds; that plaintiffs were invited to be present at the examination and weighing; that the mattresses were to have been delivered at defendant's hotel, ready for use, on a day in September; that plaintiffs did not deliver them until the 2d day of October, and that defendant suffered loss by the delay in the delivery; that the mattresses, in the condition they were in when delivered, were not worth, by $500, as much as they would have been if made according to contract; that, when the nonconformity to the contract was discovered, the articles were in actual use in rooms occupied by guests, and that it was out of defendant's power, under his arrangement with the tenants of the hotel, to return them without great loss and damage.

These offers of the defendant were objected to by plaintiffs' counsel, and the evidence excluded by the court, to which rulings the defendant's counsel excepted.

The court directed a verdict for the plaintiffs for the balance of the account, $1,408 37, subject to the opinion of the court at general term, at which the exceptions should, in the first instance, be heard.

*John G. Lamberson*, for appellant.

*D. T. Walden*, for respondents.

By the Court.—Van Vorst, J.—The contract in this case was executory. The plaintiffs agreed to make and deliver to defendant, at a price determined, a number of mattresses of the best quality, and of a given weight each. They were to be delivered by a certain time. The mattresses were manufactured and delivered to the defendant. Subsequent to their delivery, the defendant claims to have discovered that they were deficient in weight, and of an inferior quality to that contracted to be

delivered. On discovering the defects, he did not return or offer to return the articles, but, on the other hand, refused to do so, although the plaintiffs were willing and offered to take them back, and refund the money paid on account of them, if the defendant was not satisfied with the articles.

If an article agreed to be manufactured, sold and delivered, by one person to another, be found, on its delivery, to be different in quality from what it should have been by the terms of the contract, if the party means to insist that the contract has not been complied with, and that the article is not such as he was entitled to receive, he should at once return or offer to return the same. He cannot hold on to the article and convert it to his own use, and still insist on the defect. In this case, the deficiency complained of was in the *quality* of the article. It is true defendant complained that the weight was less than that agreed to be delivered. But it does not appear that the mattresses were purchased, or were to be paid for, by the pound. The whole number were to be paid for at the sum stated in the complaint. The character and quality of each mattress depended no less on its weight than the materials of which it was composed.

The case of an article ordered to be manufactured differs from that of the sale of a specific chattel *in esse*, accompanied by an express warranty. When one contracts to manufacture, sell, and deliver to another an article of a certain quality, or fit for a certain purpose, the purchaser may either refuse to receive or he may return the article *as soon* as he detects any deficiency, and may defeat an action for the price, provided he has done nothing more in the mean time than was necessary to give the article a fair trial (*Street* v. *Blay*, 2 Barn. & Ad. 456 ; *Mondel* v. *Steel*, 8 Mees. & W. 858). A mere objection to the quality of the article, unaccompanied by an offer to return, is not sufficient, and the force of the objection is lost where the vendee absolutely reduces the article to his use after the defect is discovered.

In *Grimaldi* v. *White* (4 Esp. 95), the action was brought by the plaintiff, a miniature painter, to recover the value of several pictures painted by him for the defendant. The pictures were

sent home, and the defendant, at the time, objected to the execution of them as inferior to the specimen exhibited by plaintiff at the time he contracted to paint, and according to which they were to have been painted, yet the court would not allow the defendant, in an action against him for the price agreed to be paid, to introduce evidence tending to show that the pictures delivered were inferior to the specimens. The court, in that case, held that, if the defendant meant to avail himself of the objection that the pictures were inferior, he should have returned them—he should have rescinded the contract *in toto*.

In *Reed* v. *Randall* (29 N. Y. R. 358), it was held, that a vendee is not bound to receive and pay for a thing that he has not agreed to purchase; but if the article delivered is found, on examination, to be unsound, or not to answer the order given for it, he must immediately return it to the seller, or give him notice to take it back, or he will be presumed to have acquiesced in its quality (*Hargous* v. *Stone*, 5 N. Y. 73).

But in this case, with a knowledge of their defects, the defendant insists that he was not bound to return the mattresses, for the reason that they were in use, and for the very purpose for which they were designed in the hotel. The plaintiffs were willing to receive them back, and refund what was paid, but this proposal the defendant declined. Under the circumstances of this case, the plaintiffs were entitled to have the goods returned, or be paid the agreed price for them, if the defendant would hold on to them. In regard to the goods having been delivered after the day agreed on, the acceptance without objection, on that account, is a waiver of any claim of damages from that source.

Judgment below affirmed.

And judgment is directed to be entered on the verdict in favor of plaintiffs, with costs.