## WILLIAM R. BUTLER *v.* CHARLES W. KELLOGG.

The defendant bought a heater of the plaintiff, on condition that it should heat his house in a certain manner. After it was put up, the defendant complained to the plaintiff that it did not heat his house as agreed, and plaintiff made certain alterations in it, after which the defendant made no more complaints. *Held,* that the defendant must be regarded as having elected to keep the heater, but he did not thereby lose the right to sue for a breach of warranty, or to show the extent of its diminished value, by way of abatement in an action for the price.

APPEAL from a judgment of the First District Court.

Action to recover the price of a heater sold by plaintiff to defendant, on December 12th, 1868.

Answer, that defendant agreed to buy the heater only on condition that it should warm his house throughout in the coldest weather, in a proper manner, and without heating the cellars. That the heater had, after a trial, failed to fulfil the conditions of sale, of which plaintiff had notice. On the trial the facts appeared as stated in the opinion, and plaintiff had judgment. Defendant appealed to this court.

*E. D. Culver,* for defendant, appellant.

*R. W. Channing,* for plaintiff, respondent.

BY THE COURT.*—DALY, CH. J.—That the furnace, when it came to be tested, in the winter of 1868 and 1869, proved entirely insufficient, was most satisfactorily established; but the weak point in the defendant's case is, that a witness on the part of the plaintiff, testified that in the autumn of 1869 he altered the furnace by encasing it with brick, and putting in a new pipe, and that after this was done he went to the defendant once or twice, and that the furnace worked well; that he heard no complaints after he made this alteration; but, on the contrary, they told him that it had improved and worked better.

* Present, DALY, CH. J., LARREMORE and J. F. DALY, JJ.

The winter of 1869 and 1870 was, as appears by the evidence, a more severe one than the winter that preceded it, and yet the defendant continued to use the furnace until the latter end of January, without any complaint. At least he has not shown that he made any, or that any was made, until the plaintiff sent his bill on the 29th of January, 1870. The defendant's son then replied by letter that the furnace did not warm the house on cold days, as stipulated, and that in the defendant's absence, he did not feel warranted in paying for it, or paying anything on account of it, and when the plaintiff's brother afterwards called to demand the money, the defendant's son told him that it did not warm the house as he had represented that it would, and told him to take it away.

Whether this statement of the son that it did not then warm the house was true or not, nowhere appears from any evidence offered on the part of the defendant. Neither the son nor any of the defendant's witnesses contradict the statement of the plaintiff's witness that the furnace worked well after the alteration was made ; all their testimony as to its insufficiency, relates to its condition and working before the change was made, and their testimony fails in the most essential point, in giving no account of the result after the alteration.

If the defendant wished to rescind the contract, it was incumbent upon him, if the furnace upon cold days would not heat the house, after the alteration made in it, to have so notified the plaintiff ; otherwise, he must be regarded as having elected to keep it, with the right to sue for the breach of the warranty, or show the extent of its diminished value by way of abatement in an action for the price (*Mondel* v. *Steel*, 8 Mees. & Wels. 858 ; *Street* v. *Blay*, 2 B. & Ad. 456 ; *Pomeroy* v. *Shaw*, 2 Daly, 267 ; Hilliard on Sales, 32.). If after the alteration, it was still insufficient, he should have notified the plaintiff promptly, and not have gone on using it as he did, not only until late in January, but throughout the whole of that winter.

He did not, by his letter in January, 1869, as he might have done then, rescind the contract ; but it was a request to the plaintiff to examine the furnace, and if any improvements or suggestions were to be made, to give the defendant the benefit

of them. This was an authority to make the changes or alterations which the plaintiff did make before the furnace was required for use in the following winter, and, if after this change the furnace was still insufficient, it was for the defendant to show it to entitle him to rescind the contract. What the defendant's son wrote to the plaintiff, or said to the plaintiff's brother, was a species of evidence which the justice had a right to consider as of little or no weight against the positive statement of the plaintiff's witness, that the furnace, after the alteration, worked well. The defendant might have been entitled to counter-claim something for the insufficiency of the furnace during the first winter of its trial, and that defense was set up in his answer; but he failed to give any evidence that would serve as a guide or measure by which the justice could reduce the amount agreed in the first instance to be paid.

The judgment should be affirmed.

Judgment affirmed.

